```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

ESTEBAN BURGOS; and RONALD SZEWCZYK,

        Plaintiffs,

vs.                              Case No. 2:04-cv-467-FtM-29SPC

WILLIAM CAMERON; ANTHONY PENLAND;
JAMES KERN; THOMAS RODGERS; JOHN
DAVENPORT; and OFFICER POOLE,

        Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon initial review of Plaintiffs' second Amended Complaint[1] ("SAC" Doc. #22) filed November 20, 2006. The claims set forth in the SAC stems from the conditions of Plaintiffs' confinement immediately following Hurricane Charley that struck Charlotte County in 2004 while Plaintiffs were detained at the Charlotte County Jail. Essentially, Plaintiffs contend that the conditions to which they were temporarily subjected immediately following the hurricane violated Plaintiff's First Amendment rights to free speech and Fourteenth Amendment[2] right against cruel and unusual punishment.

---

[1] Plaintiffs filed an Amended Complaint on October 20, 2006 (Doc. #21) and subsequently filed a second Amended Complaint on November 20, 2006 (Doc. #22). The Court will deem the second Amended Complaint (Doc. #22) the operative Complaint.

[2] Plaintiffs' were detainees at the time of the incident. Consequently, their rights derive from Fourteenth Amendment,

(continued...)

Because Plaintiffs seek to proceed *in forma pauperis*, the Court is required to review the complaint to determine whether the complaint, or any part of it, is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied sua sponte and at any time during the proceedings. See 28 U.S.C. § 1915(e)(2). Because a plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). A complaint is frivolous under § 1915 if it lacks arguable merit either in law or fact. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002), cert. denied, 124 S.Ct. 1038 (2004); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). A complaint fails to state a claim when it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Mitchell v. Farcass, 112 F.3d 1483, 1489-90 (11th Cir. 1997).

---

[2](...continued)
however, case law developed with regard to the Eighth Amendment prohibitions against cruel and unusual punishment is analogous. Cook ex. rel Tessier v Sheriff of Monroe County Fla., 402 F.3d 1092, 1115 (11th Cir. 2005). See also Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1985).

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001)(en banc); Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995).

According to the SAC, Plaintiffs were "locked down" together in the same cell on Friday awaiting the impending arrival of Hurricane Charley, which hit the region later that day at approximately 4:30 p.m. Plaintiffs acknowledge that due to the hurricane, the jail "lost all electricity, air conditioning, and water." SAC at 9. They claim the back-up generators provided "dim lighting" only. Id. Plaintiffs remained locked together in a cell from Friday until Sunday at approximately 4:00 p.m., when all of the inmates were permitted to go into the day room to make calls to family members. Because the inmates were not able to flush the toilets after the electric went out and the air conditioning was not working, the smell from human waste filled the air. After the

inmates complained about the toilets, they were provided with plastic bags to use instead of the toilets, which were collected by the officers. Plaintiffs state that the smell from the human waste was so bad that even the officers covered their faces with their shirts when they came into the cell block. Id. at 12. Plaintiffs received all meals, including the Friday evening meal, but complain that the lack of air, heat and smell of feces and urine from the unflushed toilets made the conditions "[i]nhumane." Id. Plaintiffs complain that officials failed to keep them informed or communicate with them during this period which caused them "emotional and mental strain." Id. at 13. Additionally, Plaintiffs complain that when they were released from their cells on Sunday, they were only permitted to place phone calls to family members and were told the phones would be shut off if they called the media. Plaintiffs admit they did not try to call the media because they "felt it was not worth paying the price." Id. As relief, Plaintiffs seek $1,000,000 "for violation of 1st Amendment" and $5,000,000 "for violation of 14th Amendment." Id. at 14.

Plaintiffs claim violations of the Fourteenth Amendment with respect to the conditions of the jail in which Plaintiffs were temporarily held for two days. The "cruel and unusual punishment" standard, which originally proscribed barbarous methods of punishment, has evolved to reflect society's "standards of decency." Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981); Estelle v. Gamble, 429 U.S. 97, 102 (1976). To articulate a constitutional

violation, Plaintiffs must show that "from an objective standpoint, [officials] denied [them] the minimal measure of necessities for civilized living." Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). The court employs a two-part analysis in determining whether the conditions of a plaintiff's confinement violate the Eighth Amendment. Hudson v. McMillan, 503 U.S. 1, 8 (1992).  First the condition must be objectively and sufficiently serious  or "extreme" to show that it "pose[s] an unreasonable risk of serious damage to [a plaintiff's] future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).  Second, plaintiff must come forward with some factual allegations to show that the defendant official "acted with a sufficiently culpable state of mind."  Id. (citing Hudson , 503 U.S. at 8).  Negligence is not enough.  Chandler, 379 F.3d at 1289.  Rather, a plaintiff must show the defendant acted with "deliberate difference." Id. Significantly, a defendant must (1) have  subjective knowledge of a risk of harm; (2) disregard that risk; and (3) engage in conduct that rises above mere negligence.

Here, admittedly the conditions were uncomfortable and less than sanitary.  There is no suggestion, however, that the conditions posed a threat to either Plaintiffs' health or safety. In fact, Plaintiffs acknowledge that officers entered the cell block to feed the inmates and remove the plastic bags of waste, subjecting the officers to the same conditions as the inmates, albeit for a shorter duration.  Admittedly, a plaintiff "need not

await a tragic event" in order to seek relief.  Helling v. McKinney, 509 U.S. 25, 33 (1993).  Nonetheless, the Court does not find objectively that these temporary conditions were "extreme" to have posed an "unreasonable risk of serious damage" to Plaintiffs' health or safety.  Chandler, 379 F.3d at 1290  (citations omitted) (pointing out that Eighth Amendment violations should not be found upon a judge's subjective views).

Even more significant is Plaintiffs' concession that the conditions to which they were subjected were caused by exigent circumstances -- the hurricane striking the region and causing the jail to loose power.  There are no allegations that officials turned off the water or power to punish the inmates.  Rather, officials faced with a natural disaster attempted to rectify the sanitation problem by disposing of the waste in plastic bags.  The Court takes judicial notice that the entire region, and Charlotte County in particular, suffered significant damage and power outages, which lasted much longer than the two days of which Plaintiffs complain.

Alternatively, Plaintiffs' claims may be dismissed because neither Plaintiff alleges an injury of a constitutional magnitude. Relief under § 1983 requires that a plaintiff show a physical injury or imminent threat of a physical injury. "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of a physical

injury." 42 U.S.C. § 1997e(e). Here, Plaintiffs have alleged only mental distress and emotional injuries and have not alleged any physical injuries or threats of a physical injury as a result of the temporary conditions of their confinement.

For the reasons set forth above, the Court finds that Plaintiffs have failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is now

**ORDERED**:

1. Plaintiffs' second Amended Complaint (Doc. #22) is **DISMISSED** without prejudice.

2. The **Clerk of Court** shall: 1) enter judgment accordingly; 2) terminate any pending motions; and 3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___6th___ day of December, 2006.

_____
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record